**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MELANIE E. DAMIAN, AS RECEIVER OF TODAY'S GROWTH CONSULTANT, INC. (dba THE INCOME STORE), <br><br>Plaintiff, <br><br>v. <br><br>PEPPERDINE UNIVERSITY, <br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 21-cv-02371<br>)<br>) Hon. Thomas M. Durkin<br>)<br>)<br>)<br>) |

**PEPPERDINE UNIVERSITY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## I.   INTRODUCTION

Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Response") does little beyond highlight and reiterate the deficiencies in her Complaint. The contents of Count I fail to satisfy the heightened pleading standard of Rule 9(b), and Plaintiff is not entitled to rest on TGC's purported status as a Ponzi Scheme in her effort to properly allege intent to defraud. Similarly, her Count II should be dismissed because Plaintiff does not establish TGC was insolvent at all times relevant to the Complaint and did not receive reasonably equivalent value from Defendant Pepperdine University ("Pepperdine"). Her claim for common law unjust enrichment (Count III) is improper, given the availability of statutory remedies for fraudulent transfers under the IUFTA. Finally, Plaintiff is barred from recovering the first four payments to Pepperdine because she failed to file her Complaint within the timeframe afforded by the applicable statute of limitations for actual fraud claims. For those reasons, the proper remedy is dismissal of Plaintiff's claims against Pepperdine.

1

## II. ARGUMENT

### A. <u>Plaintiff's Count I for Actual Fraud is Insufficiently Pled Pursuant to Federal Rule 9(b).</u>

In her Response, Plaintiff essentially argues that her Count I is sufficiently pled because TGC operated as a Ponzi Scheme and there is evidence that it made payments to Pepperdine. Because TGC was a Ponzi Scheme, she argues, the requisite intent to defraud is assumed and she need allege nothing more.

For starters, there has been no independent determination that TGC did, in fact, operate as a Ponzi scheme. To the best of Pepperdine's knowledge, the underlying SEC action wherein TGC is alleged to have been a Ponzi Scheme remains pending. Plaintiff should not be permitted to rely upon the purported legal implications of a reality that does not actually exist. Moreover, Plaintiff cites exactly one authoritative case in support of her position that the existence of a Ponzi scheme creates the presumption or existence of an intent to defraud. *See In re Lancelot Inv'rs Fund, LP*, 451 B.R. 833, 839 (Bankr. N.D. Ill. 2011). That case, however, does not stand for such an unequivocal proposition. *See id*. Indeed, "[t]he existence of the Ponzi scheme is *some* evidence of intent to defraud or hinder a creditor." *See id.* at 841 (emphasis added). Clearly, even if TGC's activities categorically amounted to a Ponzi Scheme, Plaintiff must plead additional information establishing requisite intent as to the payments to Pepperdine. *In re Equipment Acquisition Resources, Inc. v. Leasing One Corporation*, 481 B.R. 433, 443 (Bankr. N.D. Ill. 2012).

Despite asserting that doing so is unnecessary, Plaintiff attempts to bolster her argument in favor of requisite intent by illuminating her reference to the various "badges of fraud." While Pepperdine does not dispute that Plaintiff identifies three of the "badges" contemplated within 740 ILCS 160/5, she effectively does nothing more than regurgitate the language of said statute. As discussed at length within Pepperdine's underlying Motion to Dismiss ("Motion"), Federal Rule

2

9(b) requires Plaintiff to plead allegations of fraud with particularity. *BCBSM, Inc. v. Walgreen Co.*, 2021 WL 77233 at *7 (citing *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (requiring that Plaintiff inject "precision and some measure of substantiation" in alleging actual fraud). Making boilerplate allegations that (a) TGC was insolvent, (b) Pepperdine received payment without providing reasonably equivalent value, and (c) TGC concealed assets does not suffice to satisfy the requirements of Rule 9(b). They are, in fact, a perfect illustration of the type of pleading practices Rule 9(b) prohibits.

Similarly, Plaintiff fails to adequately connect the payments to Pepperdine to TGC's scheme to defraud. *See In re Equipment Acquisition Resources, Inc.*, 481 B.R. 422, 433 (Bankr. N.D. Ill. 2012). In that case, the court reasoned that Plaintiff's claims were properly subject to dismissal because Plaintiff's complaint "fail[ed] to describe how the payments were used to further that scheme [to defraud] and harm … other creditors." *Id*. The same situation exists in the instant case. While Plaintiff identifies the transactions at issue, she makes no effort to discuss how they fit into TGC's scheme or how they harmed its other creditors.

It is clear that Plaintiff has failed to meet the heightened pleading standard of Federal Rule 9(b) in her attempt to plead actual fraud under 740 ILCS 165/5(a)(1). As such, dismissal is warranted under Rule 12(b)(6).

## B. **Plaintiff's Count II for Constructive Fraud is Likewise Deficiently Pled.**

Plaintiff unsuccessfully relies upon the bare bones language of her Complaint in arguing that she has satisfactorily pled a cause of action sounding in constructive fraud under 740 ILCS 160/5(a)(2). Laying out the four-factor "test" courts use to identify a presumption of fraud and then pointing to piecemeal, dissociated paragraphs of the Complaint that paraphrase said factors with minimal specifics does not suffice to set forth "factual allegations," contrary to what Plaintiff argues in her Response.

In that same vein, Plaintiff's criticism of Pepperdine's suggestion that the transfers at issue constituted tuition payments is misplaced. For purposes of the dismissal analysis, Pepperdine included that information for the sole purpose of illustrating the egregiousness of Plaintiff's failure to even attempt to provide context to the allegation that no reasonably equivalent value was received in exchange. Her defense of Pepperdine's argument that she inadequately pleads insolvency is similarly unsteady. As noted above, TGC's status as a Ponzi Scheme exists only in allegation, and therefore Plaintiff has no basis to rely upon the presumption articulated in *In re Lancelot*. Moreover, the revenue/loss analysis she cites does nothing more than establish TGC operated at a net loss during certain years, which is *not* equivalent to an allegation of insolvency. In the Seventh Circuit, an entity is insolvent when its balance sheet shows liabilities in excess of its assets. *Baldi v. Samuel Son & Co., Ltd.*, 548 F.3d 579, 581 (7th Cir. 2008). As such, Plaintiff must allege that TGC was insolvent on a balance sheet basis at the time of each of the complained-of transfers. She did not do so.

Pleading "facts which permit a reasonable inference of liability" gives rise to the existence of a plausible claim. *Allstate Ins. Co. v. Countrywide Financial Corp.*, 842 F. Supp. 2d 1216, 1225 (C.D. Cal. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The durability of a statutory cause of action that rests upon evidence TGC was denied reasonably equivalent value at a time when it was insolvent necessarily requires more substance than Plaintiff includes in her Complaint. For that reason, her Count II should be dismissed pursuant to Rule 12(b)(6).

**C. Plaintiff's Unjust Enrichment Count is Superfluous and Should be Dismissed.**

Plaintiff's argument in favor of the viability of Count III focuses on the status of common law unjust enrichment claims as recognizable causes of action. In doing so, she cites to a number

of distinguishable cases involving consumer fraud and fails to address the fact that numerous courts have stricken unjust enrichment claims in the fraudulent transfer context.

"Because it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law." *Inorio v. Wells Fargo Bank, N.A.*, 2021 WL 780714 at *5 (N.D. Ill. 2021) (quoting *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 604 (1st Dist. 2005). "It is axiomatic that an unjust enrichment claim is viable only when there is no adequate remedy at law." *Season Comfort Corp. v. Ben A. Borenstein Co.*, 281 Ill. App. 3d 648, 656 (1st Dist. 1995). Here, the allegations underlying Plaintiff's Count III are practically identical to those formulating her actual and constructive fraud claims, and the relief she seeks is identical. Undeniably, she has adequate remedies afforded to her by statute, and therefore there is no legal basis for the continuation of her unjust enrichment claim. Pursuant to Rule 12(b)(6), it should be dismissed, and Plaintiff should not be given the opportunity to re-file it in the alternative.

**D. Plaintiff Has No Justification for Violating the Applicable Statute of Limitations for Four of the Subject Transactions.**

Plaintiff's response to Pepperdine's effort to bar recovery to four of the transactions at issue effectively amounts to claiming it is unreasonable to expect her to have evaluated the nature of the transfers by the time the statute of limitations commenced. Her position is without merit.

As an initial matter, Pepperdine's decision to refer to the Initial Status Report is perfectly justified. Given the factual deficiencies within Plaintiff's Complaint, doing so was essential to reveal the full scope of the circumstances. Moreover, she, herself, makes reference to a number of docket entries in the underlying SEC action, and courts have recognized the propriety of referring to filings in associated cases at the motion to dismiss phase. *See* Compl. at Procedural History; *Happel v. Wal-Mart Stores, Inc.*, 286 F.Supp.2d 943, 945 (N.D. Ill. 2003) ("a court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a

motion for summary judgment"; holding that publicly-filed papers from prior court proceedings may be considered in deciding a motion to dismiss); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (same). Pepperdine should be entitled to the same treatment.

Plaintiff suggests that, to satisfy the statute, she would have had to discover the fraudulent nature of the transactions within 30 days of her appointment as Receiver. Her reasoning is flawed insofar as she fails to consider the legal implications of her representations within the Initial Status Report and the fact that actual knowledge is not required to initiate the limitations clock. Plaintiff was appointed Receiver on December 30, 2019, and issued her Initial Status Report on January 30, 2020. *See* Compl. at ¶1; NDIL Case No. 19-cv-08454, ECF No. 55. Within that report, Plaintiff characterizes TGC as a Ponzi Scheme, based upon her review of its accounting and business records. That review placed her on constructive notice of the four transactions in question. To the extent she argues there was no way for her to have known said transactions were fraudulent, Pepperdine refers the Court back to Plaintiff's own declarations regarding the automatic presumptions of intent to defraud and insolvency associated with Ponzi Scheme activity. Plaintiff surely cannot claim the transactions underlying this lawsuit are presumptively fraudulent and then, when doing so suits her, turn around and claim she had no idea they may be fraudulent.

The law is clear – Plaintiff was afforded one year past the date upon which she reasonably could have discovered the payments to Pepperdine to file her Complaint. 740 ILCS 160/10; *Workforce Solutions v. Urban Services of America*, 2012 IL App (1st) 111410 at ¶ 53. By January 30, 2020, Plaintiff was apprised of TGC's financial activities, and her one year clock began to run. For the October 5, 2016, November 16, 2016, and January 18, 2017 payments, she had until January 30, 2021 to file. For the transaction dated February 13, 2017, she had until February 13,

6

2021. The Complaint was filed on May 3, 2021, and therefore those four transactions are barred by the application statute of limitations and subject to dismissal under Rule 12(b)(6).

### III. CONCLUSION

Plaintiff's claims sounding in actual and constructive fraud (Counts I and II) are deficiently pled, and her unjust enrichment claim is redundant by virtue of the availability of statutory remedies. In addition, she is barred from recovering funds associated with four payments to Pepperdine because she has violated the applicable statute of limitations. For those reasons, Defendant Pepperdine University requests this Court grant its Motion to Dismiss and dismiss Plaintiff's claims with prejudice.

Dated: August 16, 2021                                    Respectfully submitted,

**PEPPERDINE UNIVERSITY**

By:   /s/ *Thomas R. Fawkes*
      One of Its Attorneys

Thomas R. Fawkes
Christopher T. Gardino
James R. Shultz
Tucker Ellis LLP
233 South Wacker Drive, Suite 6950
Chicago, Illinois 60606
Tel: 312-256-9425
Fax: 312-624-6309

7

**CERTIFICATE OF SERVICE**

I, Thomas R. Fawkes, an attorney, hereby certify that on August 16, 2021, I caused the foregoing *Defendant Pepperdine University's Reply in Support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. R. 12(b)(6)*, to be served by CM/ECF to all parties entitled to CM/ECF notices in this case.

                                                                               */s/ Thomas R. Fawkes*